United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 21-20614-Civ-Scola |
| Approximately $3,275.20 seized ) | |
| from Bank of America Account ) | |
| Number 22905257244, and others, ) | |
| Defendants. ) | |

**Omnibus Order**

In this case, the Government seeks forfeiture in rem of various assets—fourteen accounts, totaling about $45 million, and seven real properties—that it says constitute the proceeds of foreign bribery offenses, property involved in money laundering or a conspiracy to commit money laundering, and/or property traceable to such proceeds or property (collectively, the "Defendant Assets"). (Compl., ECF No. 1.) Various individuals and entities have filed verified claims, asserting interests in the Defendant Assets. Previously, the Court struck claims submitted by, among others, Guillermo A. Montero. (Order, ECF No. 162.) Guillermo[1] has since filed a motion asking the Court to reconsider striking his claim. (G. Montero's Mot. to Set Aside, ECF No. 169.) Additionally, the Government now seeks to strike the claims of Maria Montero, Guillermo's wife. (Gov't's Mot. to Strike, ECF No. 165.) Both motions are fully briefed and ripe for review. For the following reasons, the Court **grants** the Government's motion to strike Maria's claims (**ECF No. 165**) and **denies** Guillermo's motion for reconsideration (**ECF No. 169**).

1. **Legal Standard**

This action, as a civil action in rem in which the Government seeks forfeiture of the Defendant Assets, is governed by the Federal Rules of Civil Procedure as well as Supplemental Rule G. Under Rule G(5)(a), entities or individuals who assert an interest in a defendant asset can file a claim to join the litigation. Further, "[i]n order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise, there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts." *United States v. $38,000.00 Dollars in U.S. Currency*, 816

---

[1] Because two parties (husband and wife) share the same last name, the Court refers to them by their first names.

F.2d 1538, 1543 (11th Cir. 1987). A sufficient interest means "an "ownership or possessory interest in the property seized." *United States v. Nine Hundred Sixty Thousand Dollars in U.S. Currency*, 307 F. App'x 251, 255 (11th Cir. 2006). Because an in rem action proceeds against property, rather than a claimant, each claimant must "make[] a valid claim that he has a legally cognizable interest in the property that will be injured if the property is forfeited to the government." *$38,000.00*, 816 F.2d at 1543.

### 2. Reconsideration is not warranted.

As an initial matter, the Court finds Guillermo's motion for reconsideration to be without merit. "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, as here, however, a motion to reconsider is not ordinarily warranted.

At the center of Guillermo's request for reconsideration are two mechanic's liens he has recently submitted (ECF No. 166, 7–15), through which he asserts interests in two real-property Defendants. (G. Montero's Mot. at 1.) According to Guillermo, he was unable to produce the mechanic's liens by the time of the filing of his opposition to the Government's motion to strike—about five months before seeking reconsideration—for a myriad of reasons, all of which he says were beyond his control. In particular, (1) he claims he did not receive conformed originals of the liens from the Los Angeles County Recorder's Office until after he filed his response; (2) he says his attorney refused to ask for an extension of the response deadline; and (3) he assumed the Government would withdraw its motion to strike once Guillermo provided it with copies of the liens. Accordingly, he says, the Court's order striking his claims should be set aside on the basis of

"inadvertence, surprise, and excusable neglect." (*Id.*) None of these events, however, rises to the level of justifying the Court's reconsideration. Further, Guillermo fails to explain why he could not have raised the fact of the existence of the lien interest in his response nor why he did not bring the liens to the Court's attention during the intervening months between the time he received the recorded mechanic's lien back from the recorder's offer and the entry of the Court's order. These factors doom Guillermo's position.

Nor does the Court find Guillermo's other arguments, regarding his Fifth Amendment rights or estoppel compelling. First, Guillermo fails to justify his failure to raise these issues in opposition to the Government's motion to strike. And, second, Guillermo fails to connect these issues to his motion for reconsideration: these issues do not reflect an intervening change in controlling law nor do they support the need to correct a clear error or prevent manifest injustice. In sum, then, Guillermo has failed to convince that reconsideration of the Court's order striking his verified claims is warranted.

### 3. The Court strikes Maria's claims.

Through her verified claims, Maria asserts ownership interests in two of the Defendant real properties: 1270 99th Street, Bay Harbor Island, Florida 33154 (ECF No. 72) and 2377 Glendon Avenue, Los Angeles, California 90064 (ECF No. 73). Maria says the properties are each owned by separate limited liability companies and that the two LLCs are, in turn owned by her husband, Guillermo. As a consequence of their marriage, Maria maintains, she owns 50% of the two LLCs and, therefore, she reasons, 50% of each of the real properties. (ECF Nos. 72, 73; *see also* M. Montero's Resp. to Spec. Interog., ECF No. 165-1, 11–12.) Maria also contends she has an interest as an unsecured creditor in income or profits from the sale of the two California properties. (M. Montero's Resp. to Spec. Interog. at 6–7.) In support of her claims, Maria says she relies on the same documents that Guillermo relied on to support his own claims. (*Id.* at 7–10.) Importantly, and as set forth above, the Court struck Guillermo's claims in January 2022. (Order at 5).

The Court agrees with the Government that Maria lacks standing to support her claims and that, therefore they should be struck. First, Maria's claim that she has a marital interest in property owned by the LLCs is legally insufficient. Maria fails to connect the dots between any present interest in the LLCs and the inchoate interest that she claims as a result of her marriage. *See, e.g., United States v. Premises Known as 717 S. Woodward St.*, 2 F.3d 529, 526 (3d Cir.1993) ("[I]n forfeiture actions, federal courts applying the laws of other states have refused to find that a right to equitable distribution of marital property confers ownership independent of a divorce proceeding."). Further, the

Court has already found that Guillermo himself, as a member of the LLCs, has no separate legal interest in the LLCs, apart from his status as a member, that would give him Article III standing on his own behalf. (Order at 5 ("[M]embers of LLCs, like shareholders, do not have standing to bring claims simply by virtue of their membership in the LLC.").) Accordingly, since Guillermo himself has no standing, Maria's attempt to premise her own standing on his misses the mark.

Second, Maria's claims regarding lost profits generated from the sale of the claimed real properties also fall short of establishing Article III standing. As the Court previously found, in evaluating Guillermo's similar claims, those claims, relating only to "lost investment potential," demonstrate that Maria would be "nothing more than [an] unsecured creditor[]." (*Id.*)

### 4. Conclusion

As set forth above, then, the Court **grants** the Government's motion (**ECF 165**), thus **striking** Maria Montero's verified claims (**ECF Nos. 72, 73**), and **denies** Guillermo's motion for reconsideration (**ECF No. 169**). Because the Court strikes Maria's claims, finding she has failed to establish standing in this case, it also **denies** Maria's motion to dismiss (**ECF No. 93**) **as moot**. For the same reason, the Court **denies** Maria's motion for referral to the volunteer attorney program (**ECF No. 103**) as well.

Further, both Guillermo and Maria have recently filed amended verified claims (ECF Nos. 166, 167). The deadline for these filings, however, has long since passed. And both amended claims were filed without leave of Court or the opposing party's consent. The Court agrees with the Government that neither amended claim is properly before the Court (Gov't's Resp. to G. Montero's Mot., ECF No. 176, 2; Gov't's Reply in Supp. of Mot. to Strike, ECF No. 181, 3–7). Accordingly, the Court **strikes** both claims (**ECF No. 166, 167**).

**Done and ordered** in Miami, Florida, on March 28, 2022.

Robert N. Scola, Jr.
United States District Judge