United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, <br><br> v. <br><br> Approximately $3,275.20 seized from Bank of America Account Number 22905257244, and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 21-20614-Civ-Scola <br> ) <br> ) <br> ) <br> ) <br> ) |

### Order Denying Motion to Intervene

In this case, the Government seeks forfeiture in rem of various assets—fourteen accounts, totaling about $45 million, and seven real properties—that it says constitute the proceeds of foreign bribery offenses, property involved in money laundering or a conspiracy to commit money laundering, and/or property traceable to such proceeds or property (collectively, the "Defendant Assets"). (Compl., ECF No. 1.) Various individuals and entities have filed verified claims, alleging interests in the Defendant Assets. Among those putative claimants were movant Guillermo Montero and three entities: Manning 90064 LLC, 2377 Glendon LLC, and 10421 Northvale LLC (collectively, the "LLC Entities"). The Court previously struck Montero's claims (both his initial claim as well as his amended claim) (Order, ECF Nos. 162, 182) and his appeal (ECF No. 183) of those orders was dismissed by the United States Court of Appeals for the Eleventh Circuit for want of prosecution in May 2023 (ECF No. 222). Now, nearly three years after the Government initiated this case, Montero seeks to intervene. (Montero's Mot., ECF No. 250.) The Government opposes Montero's motion (Gov't's Resp., ECF No. 254). Montero has not replied to that response and the time to do so has passed. After review, the Court finds Montero's motion untimely and **denies** his motion to intervene (**ECF No. 250**).

In a civil forfeiture action, "any person claiming an interest in the seized property may file a claim asserting [that] interest . . . in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims," with the caveat that "such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint." 18 U.S.C. § 983(a)(4)(A). Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, in turn, provides that any person "assert[ing] an interest in the defendant property may contest the forfeiture by filing a claim . . . by the time stated in a direct notice sent under Rule G(4)(b)."

Rule G(5)(a)(ii)(A). As the Government points out, and Montero does not dispute, the Government filed its amended notice of verified complaint for forfeiture *in rem* against the real property defendants on March 26, 2021 (ECF No. 20) and mailed its direct notice to Montero a few weeks earlier, on March 3, 2021, advising him that he had thirty-five days from March 3 to assert his interests (ECF No. 243-3, 1). At the latest then, as the Government points out and Montero does not dispute, Montero had until May 17, 2021, to file a claim—almost three years ago. (Gov't's Mot. at 6.)

While a district court is "entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5)," *United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 820 (11th Cir. 2009), it may also "exercise its discretion by extending the time for the filing of a verified claim," *United States v. $125,938.62*, 370 F.3d 1325, 1329 (11th Cir. 2004). In determining whether to exercise that discretion, courts should consider a number of factors, among them:

> the time the claimant became aware of the seizure, whether the Government encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for an enlargement of time.

*$125,938.62*, 370 at 1329. Here, Montero claims his tardiness should be excused, blaming his former counsel for faulty advice regarding his claim. (Montero's Mot. at 2–3.) In support, he relies on Federal Rule of Civil Procedure 60 and Local Rule 6.1, asserting "inadvertence, surprise, mistake and excusable neglect." (*Id.* at 3.) In considering the factors above, the Court is not persuaded.

Even taking Montero's complaints about his former counsel at face value, he fails to explain, or even mention, the two-and-a-half-year delay between the time his counsel announced a breakdown of the attorney-client relationship, in September 2021, and his filing of the instant motion. (*See* Counsel's Am. Mot. to Withdraw, ECF No. 105 (citing irreconcilable differences and referencing's Montero's wife's filing which alleged a conspiracy between Montero's counsel and the Government (ECF No. 101).) And while Montero addresses a couple of the factors listed above, he does so in conclusory fashion, failing to supply either factual or legal support that would justify such a lengthy extension. For example, in suggesting that the late filing will not prejudice the Government, he proffers that this "case is still in the early stages" and that "[n]o factual or legal issues have been determined." (Montero's Mot. at 8.) Montero's description of the

progress of this case is inaccurate: it is over three years old, it spans over 250 docket entries (including several substantive orders), and, as of the Government's most recent status report, "all but one of the remaining Claimants have reached a settlement in principle" (ECF No. 255, 2). In short, Montero fails to adequately identify any of the above factors that would weigh in his favor in light of the nearly two-year delay between now and May or June 2022 when he says the judgments that support his claim were recorded. (Montero's Mot. at 2, 32, 35.) Without more then, the Court finds the factors weigh against an extension, most of them strongly. This is especially so where Montero declined to file a reply, leaving the Government's argument in opposition wholly unrebutted.

Because Montero has failed to timely comply with Supplemental Rule G(5)'s requirements and because the Court concludes an extension of Rule G's deadlines is unwarranted, the Court finds Montero cannot establish any basis for his intervention in this case at this late date. Accordingly, the Court **denies** his motion (**ECF No. 250**). Since Montero's motion is untimely, the Court declines to address his substantive arguments.

**Done and ordered** at Miami, Florida, on March 15, 2024.

_____
Robert N. Scola, Jr.
United States District Judge