United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 21-20614-Civ-Scola |
| Approximately $3,275.20 seized | ) |
| from Bank of America Account | ) |
| Number 22905257244, and others, | ) |
| Defendants. | ) |

### Order Denying Motion for Reconsideration

Previously, the Court granted the Government's motion to strike putative claimant Rosa Vega's claim to two defendant real-property assets in this case, finding Vega lacked standing to pursue her claims. (Omnibus Order, ECF No. 317.) At the same time, the Court denied Vega's motion for leave to file her answer to the complaint out of time. (*Id.*) Vega now asks the Court to reconsider its order, based on additional evidence as well as issues presented in the Government's now-mooted motion for summary judgment. (Cl.'s Mot., ECF No. 323.) The Government has responded (Govt's Resp., ECF No. 329) but Vega has not replied and the time to do so has passed. After review, the Court **denies** Vega's motion (**ECF No. 323**).

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation omitted). Certainly, if any of these situations arise, a court has broad discretion

to reconsider a previously issued order. Absent any of these conditions, however, as here, a motion to reconsider is not ordinarily warranted.

In support of her motion, Vega presents additional evidence and an argument that the Court failed to properly take into account the Government's motion for summary judgment. The additional evidence is comprised of Vega's declaration and records from real estate websites which she says shows how valuable the defendant real-property assets are. (Cl.'s Decl., ECF No. 323-1.) And her argument is that the Government's summary-judgment motion substantiates Vega's standing claims. (Cl.'s Mot. at 5–6.) Neither avenue leads to the relief Vega seeks.

According to Vega, the evidence she now supplies shows that the Court incorrectly assessed the value of the properties at issue in analyzing her standing to proceed with her putative claims in this case. (*Id.* at 2–5.) The Court is not persuaded. First, except to say that she didn't think it was necessary, Vega fails to explain why she couldn't have presented this evidence when she responded to the Government's motion to strike, when she filed her motion for leave to answer the complaint out of time, or, at a minimum, when she replied to the Government's opposition to her motion. This alone is fatal to Vega's argument. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (holding that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion").

Second, even if the evidence was properly presented, Vega's argument fails on its merits anyway. Importantly, although Vega complains that the Court did not properly consider the value of the properties, she fails to explain why, even if that were true, that single factor would shift the entirety of the analysis in her favor. As the Court noted in its order, several factors weigh strongly in favor of striking Vega's claim and denying her request for leave to answer the complaint out of time. Vega offers no argument other than to baldly insist, without any support, that, based only on the market value of the properties and the rents she receives, not allowing her to perfect her claim would result in a manifest injustice. The Court is not persuaded—especially where Vega fails to present any evidence that she has a legitimate interest in the properties or the rents she says she has been receiving for several years.

Vega's arguments regarding the Government's motion for summary judgment meet a similar fate. The merits, or, as Vega would describe it, the lack thereof, of the Government's (now moot) motion for summary judgment have no bearing on Vega's standing in this case. Without meeting the threshold issue of statutory standing, Vega cannot look to the Government's motion for

summary judgment to establish her interest in this case. And, as to her related claims of prejudice (to herself) and lack of prejudice (to the Government), the Court has previously considered and disposed of those arguments in its omnibus order. (Order at 4–6.) Vega supplies no basis that would warrant the Court's reconsideration of those arguments here.

And so, for the reasons set forth above, the Court **denies** Vega's motion for reconsideration (**ECF No. 323**).

**Done and ordered**, at Miami, Florida, on December 18, 2024.

Robert N. Scola, Jr.
United States District Judge